# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| TODD KENNETH HOROB,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DISTRICT COURT BILLINGS MT.,<br><br>Defendant. | Cause No. CV 13-63-BLG-SEH-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Todd Horob submitted a document entitled "Complaint – False Court Record" on May 3, 2013 which has been construed as a civil complaint. *DKT 1*. Horob did not pay the $350.00 filing fee and did not submit an application to proceed in forma pauperis. Because this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g), the Court will not direct Horob to pay the fee or file a motion for leave to proceed in forma pauperis.

1

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Horob, a federal inmate, has filed at least three civil actions which were dismissed as frivolous, malicious, or for failure to state a claim. See *Horob v. Cebull*, et al., Civ. No. 11-cv-00055-BLG-DWM (D.Mont) (dismissed for failure to state a claim June 1, 2011; affirmed on appeal February 17, 2012); *Horob v. Molloy*, Civ. No. 11-cv-00066-BLG-DWM (D.Mont)(dismissed as malicious July 1, 2011; affirmed on appeal September 14, 2011); and *Horob v. the United States*, Civ. No. 12-cv-00019-BLG-RFC (D.Mont)(dismissed as malicious August 6, 2012; appeal dismissed October 18, 2012).

Horob has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma

2

pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Horob's favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

While ordinarily litigants are given a period of time to pay the full filing fee of $350.00, Horob should not be allowed to do so in this case as he was warned in Civil Action No. 12-cv-00019-BLG-RFC that the dismissal in that case would constitute his third strike. Therefore, he should have known that he could not submit additional complaints without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Horob is not entitled to a ten-day period to object. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

# RECOMMENDATION

Horob should not be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 8th day of May, 2013.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge